UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| AMERICAN COMMERCIAL BARGE LINE LLC, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Case No. _____ |
| PURE AVIATION, LLC, | ) ) | |
| DEFENDANT. | ) ) ) | |

## COMPLAINT

Comes Plaintiff American Commercial Barge Line LLC ("ACBL"), by counsel, and for its Complaint against Defendant Pure Aviation, LLC ("Pure Aviation"), hereby alleges and states as follows:

## PARTIES

1. ACBL is a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

2. The sole member of ACBL is Commercial Barge Line Holdings LLC ("CBLH"), a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

3. The sole member of CBLH is American Commercial Barge Line Holding Corp.

4. American Commercial Barge Line Holding Corp. is incorporated under the laws of the State of Delaware and maintains its principal place of business in Jeffersonville, Indiana.

5. Thus, ACBL is a resident of Delaware and Indiana.

6. Pure Aviation is a Montana limited liability company with its principal place of business in Helena, Montana.

7. The sole member of Pure Aviation is Carlo Dimarco, who is a resident of Texas.

8. Thus, Pure Aviation is a resident of Texas.

## JURISDICTION AND VENUE

9. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. This Court also has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1333 because it is a civil case involving admiralty and/or maritime law.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, (2) a substantial part of property that is the subject of the action is situated in this judicial district, and/or (3) Pure Aviation "resides" in this judicial district.

12. This Court has personal jurisdiction over Pure Aviation under Indiana Trial Rule 4.4(A)(1), (3), and/or (4) and the United States Constitution. Specifically, and as set out more fully below, Pure Aviation did and does business in the State of Indiana. Pure Aviation derived substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in the State of Indiana. And Pure Aviation contracted for ACBL to render services, goods, or materials that were furnished in the State of Indiana.

## FACTUAL ALLEGATIONS

13. ACBL incorporates the allegations set forth in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. On September 23, 2021, Pure Aviation and ACBL, through their duly authorized representatives, entered into Barge Charter Party #210412-1 (the "Contract") for the charter by Pure Aviation of the CHEM-446 from ACBL for a fixed six (6) month period for the purpose of

transporting diesel cargo from certain origins and destinations on U.S. navigable waters. A copy of the Contract is attached hereto as **Exhibit A**.

15. The CHEM-446 has a hailing point of Jeffersonville, Indiana and operates exclusively on U.S. navigable waters as reflected in its Certificate of Documentation. A copy of which is attached hereto as **Exhibit B**.

16. Pursuant to the Contract, Pure Aviation was to pay ACBL a charter rate (lump sum per voyage), demurrage at a set rate per barge per day, tankerman charges, and other expenses required for the movement of the cargo.

17. On or around October 10, 2021, and in accordance with the Contract, the CHEM-446 was placed in the service of Pure Aviation.

18. Pure Aviation then loaded the CHEM-446 with diesel cargo and proceeded on a voyage to a destination where it unloaded its cargo.

19. The CHEM-446 was placed on demurrage from October 12, 2021 through November 7, 2021, at which time Pure Aviation loaded the barge with diesel cargo for a second voyage.

20. The CHEM-446 ventured on another voyage on November 8, 2021, after which time it was again placed on demurrage.

21. Between November 8, 2021 and February 28, 2021, ACBL outchartered the CHEM-446 to a third party on numerous occasions (without any dispute from Pure Aviation) to save Pure Aviation money since no demurrage was due while the CHEM-446 was outchartered.

22. On February 28, 2022, the CHEM-446 was removed from Pure Aviation's service.

23. From November 8, 2021 through March 2, 2022, ACBL sent Pure Aviation multiple invoices for freight, demurrage, tankerman and stand-by charges in accordance with the Contract, of which $203,331.46 remain outstanding.

24. Pure Aviation has not attempted to settle or otherwise pay the outstanding invoiced amounts despite repeated demands by ACBL.

25. Pure Aviation has thus failed and/or refused to honor the terms of the Contract.

## COUNT I: BREACH OF CONTRACT

26. ACBL incorporates the allegations set forth in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The Contract obligated Pure Aviation to pay certain amounts with respect to the barge transportation services rendered by ACBL.

28. ACBL has issued invoices to Pure Aviation for charter rate charges, demurrage, tankerman, and other amounts that are due and owing under the Contract.

29. ACBL's invoices provided for thirty (30) day payment terms and imposed interest charges of 1.5% per month for any late payments.

30. Despite due demand, Pure Aviation has not paid the outstanding invoices for the services rendered under the Contract.

31. Pure Aviation's non-payment for the services rendered under the Contract constitutes a material breach of the terms by which ACBL furnished the above-described barge transportation services to Pure Aviation.

32. All conditions precedent required of ACBL under the Contract have been performed.

33. As a result of Pure Aviation's breach of its obligations to ACBL, ACBL has suffered damages in the principal amount of $203,331.68, inclusive of charter rate charges, demurrage, tankerman, and other amounts that are due and owing under the Contract.

34. Pursuant to the invoice terms, Pure Aviation is also liable to ACBL for pre-judgment and post-judgment interest at the agreed rate of 1.5% per month from the date each invoice came due, and collection costs incurred.

### COUNT II: UNJUST ENRICHMENT (IN THE ALTERNATIVE)

35. ACBL incorporates the allegations set forth in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. By receiving, accepting, re-selling, and/or using the barge transportation services provided by ACBL, which ACBL expected to be paid for, without paying for said services, Pure Aviation has received a substantial benefit and wrongfully retained that benefit for its sole enjoyment and enrichment, to the detriment of ACBL.

37. As a direct and proximate cause of Pure Aviation's conduct, it was unjustly enriched at ACBL's expense.

38. ACBL has suffered damages in the principal amount of $203,331.68, inclusive of charter rate charges, demurrage, tankerman, and other amounts that are due and owing under the Contract.

39. Pursuant to the invoice terms, Pure Aviation is also liable to ACBL for pre-judgment and post-judgment interest at the agreed rate of 1.5% per month from the date each invoice came due, and collection costs incurred.

WHEREFORE, Plaintiff American Commercial Barge Line LLC, prays for judgment as follows:

      A.      Judgment against Pure Aviation in the amount of $203,331.68;

      B.      Its costs of collection;

      C.      Pre-judgment and post-judgment interest at the contractually agreed upon rate; and

      D.      Any and all other relief to which it may be entitled.

Respectfully submitted,

/s/ *Jordan M. White*
Jordan M. White, Attorney No. 33932-10
Matthew L. Bunnell, Attorney No. 37258-49
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202-2898
Tel.: (502) 562-7346
Fax: (502) 589-0309
E-mail: jwhite@wyattfirm.com
E-mail: mbunnell@wyattfirm.com

*Counsel for Plaintiff American Commercial Barge Line LLC*

101097234.1